UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

**Case Number:  11-14135-CIV-MARTINEZ-LYNCH**

KEITH D. CLARK, an individual,

     Plaintiff,

vs.

VIRGINIA A. CLARK, an individual,

     Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon *sua sponte* review of the record, and Plaintiff's

Motion for Default Final Judgment (D.E. No. 65).  For the reasons set forth below and after

careful consideration, the Court grants in part and denies in part Plaintiff's Motion for Default

Final Judgment.

### I.  Factual Background Relating to the Motion for Default Final Judgment

Both parties in this action are proceeding pro se.  On August 23, 2011, this Court entered

its Order Setting Civil Trial Date and Pretrial Schedule.  (D.E. No. 23).  In this Order, the Court

required the parties to file their Joint Pretrial Stipulation on or before January 24, 2012.  *Id*. at 5.

The Court also stated that

> [t]he Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions.  Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances.  Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

(D.E. No. 23 at 2).  Plaintiff Keith D. Clark ("Plaintiff") timely filed a unilateral Pretrial

Stipulation (D.E. No. 48) and a Certification of Defendant's Failure to Cooperate (D.E. No. 47),

which stated that Defendant failed to cooperate in the filing of the Joint Pretrial Stipulation.  On

January 31, 2012, this Court entered an order striking the unilateral pretrial stipulation and

ordered Defendant Virginia A. Clark ("Defendant") to show cause on or before February 10,

2012 why it should not enter default judgment against her for failing to cooperate in the filing of

the joint pretrial stipulation.  (D.E. No. 52 at 1).  The Court also noted that it was Defendant's

responsibility to contact Plaintiff Keith D. Clark ("Plaintiff") and coordinate the creation of a

joint pretrial stipulation and to file the joint pretrial stipulation by February 13, 2012.  *Id*.  The

Court also stated that "[f]ailure to show cause and/or failure to file a joint pretrial stipulation by

the above deadlines will result in the entry of default final judgment against Defendant Virginia

A. Clark."  *Id*.  These deadlines came and went and Defendant did not file anything with this

Court even attempting to show cause.  No joint pretrial stipulation has ever been filed.[1]

On February 17, 2012, this Court entered an Order on Default Final Judgment Procedure,

requiring Plaintiff to submit a Motion for Default Final Judgment and supporting affidavits or

documents.  (D.E. No. 63).  Also, on February 17, 2012, Defendant untimely filed a response to

the Court's order requiring that she show cause for failing to cooperate in the filing of the Joint

Pretrial Stipulation.  (D.E. No. 64).  In this response, Defendant states that she and the Plaintiff

have attempted to prepare a Joint Pretrial Stipulation but that they cannot agree.  She states that

she will do her best to cooperate with Plaintiff and "comply with all Court requirements and

---

[1]Plaintiff did file a second certification stating again that Defendant had failed to
cooperate in the filing of a Joint Pretrial Stipulation.  (D.E. No. 60).

deadlines." *Id*. at 3.  Despite the statements in this untimely response, as stated above, no Joint Pretrial Stipulation has ever been filed.

On February 22, 2012, Plaintiff timely filed his Motion for Default Final Judgment. (D.E. No. 65).  On March 1, 2012, Defendant filed a Request for Extension of Deadlines on Any Pending Motions Due to Illness/Hospitalization (D.E. No. 71).  Defendant states that the current "motions" pending for which she is seeking an extension are "Pretrial Stipulation Report," "Order for Defendant to Reimburse Plaintiff $150 Toward 1/3/12 Mediation," "Response to Court's Report and Recommendation on Plaintiff's Motion for a Summary Judgment," and "Plaintiff's Third Motion for Instant Discovery." *Id*. at 1.  Defendant states only that she had been ill, that she required a blood transfusion, and that she was released from the hospital on February 16, 2012.  *Id*.  The exhibits to Defendant's motion indicate that Defendant was admitted to the hospital on February 15, 2012.  *Id*. at 6.

## II. Defendant's Conduct and Default Judgment

The Court finds that the entry of Default Final Judgment against Defendant is appropriate given her repeated failure to comply with the Court's prior orders.  The Court ordered the parties to file their Joint Pretrial Stipulation in an Order entered on August 23, 2011.  The parties did not meet this deadline and in accordance with the Court's August 23, 2011 Order, Plaintiff filed a certification of Defendant's noncooperation.  In accordance with the August 23, 2011 Order, in an Order entered January 31, 2012,  the Court gave Defendant another opportunity to comply with the Court's order, giving her until February 10, 2012 to show cause why she failed to cooperate in the filing of the Joint Pretrial Stipulation and making it her responsibility to make sure that the Joint Pretrial Stipulation was filed on or before February 13, 2012.  Defendant

ignored this order and nothing was filed.  On February 17, 2012, she finally filed a response

attempting to show cause.   Although pro se litigants' pleadings and motions are often liberally

construed, "[l]iberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F. 3d

1098, 1104 (11th Cir.  1999) overruled on other grounds by *Manders v. Lee*, 338 F. 3d 1304

(11th Cir. 2003).

　　　　Even if this Court were to consider Defendant's late-filed response to the Court's

requirement that she show cause, the Court finds that Defendant has not shown good cause.  Her

response at best evidences her commitment to cooperate with Plaintiff in the future.  This is

simply not enough given that the parties were originally required to file their Joint Pretrial

Stipulation in August of 2011.  Particularly as after many months this Court still remains without

a Joint Pretrial Stipulation.  Defendant has shown a complete lack of diligence in this action and

has ignored numerous court orders.

　　　　Finally, the Court acknowledges that Defendant filed a motion for extension of time

relating to the Joint Pretrial Stipulation.  First, however, this motion was filed on March 1, 2012

long past the due date for the Joint Pretrial Stipulation.  Moreover, the motion for extension of

time indicates that Defendant was hospitalized on February 15, 2012 and released on February

16, 2012, which is after Defendant's response showing cause was due and after the parties' joint

pretrial stipulation was due.  Accordingly, this does not excuse or even explain Defendant's

failure to meet the Court's deadlines.  Accordingly, the Court finds that Default Final Judgment is

appropriate.

### III.  Plaintiff's Motion for Default Final Judgment

Plaintiff has timely filed his Motion for Default Final Judgment.[2]  In this motion, Plaintiff seeks $211,839.26 in damages.  This requested amount is supported by Plaintiff's affidavit.  (D.E. No. 68 at ¶¶ 7, 28, 30).  Plaintiff also asks that the final judgment include the $150.00 awarded by Magistrate Judge Lynch for Defendant's share of the mediation cost.  The Court also finds this is properly supported by the record.  (D.E. No. 57).  Finally, Plaintiff states that he is entitled to prejudgment interest at 10% per annum from the date the property at issue was sold on March 4, 2010.  The Court agrees that Plaintiff is entitled to prejudgment interest from the date the property was sold on March 4, 2010.  *See Rainess v. Estate of Machida*, 81 So. 3d 504, 512 ("A plaintiff is entitled to prejudgment interest as a matter of law when he prevails on a claim and a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses.") (internal quotations and emphasis omitted). The Court, however, finds that Plaintiff has not provided evidence that the parties agreed to a 10% interest rate.  Accordingly, the Court will apply the interest rate prescribed by Florida statutes.[3]  *See* Fla. Stat. §§ 55.03, 687.01; *see also Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 212, 215 ("The amount of interest to be paid, absent a controlling contractual provision, is a matter of policy to be determined by the legislature.").  Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1.      Plaintiff's Motion for Default Final Judgment (D.E. No. 65) is **GRANTED in**

---

[2]Defendant has never responded to this motion.

[3]This results in the application of a 6% per annum interest rate from March 4, 2010 until September 30, 2011 and a 4.75% per annum interest rate from October 1, 2011 until the present.

**part** and **DENIED in part** in accordance with the discussion above.  A final default judgment shall be entered separately.

2.      Defendant's Request for Extension of Deadlines on Any Pending Motions Due to Illness/Hospitalization is **DENIED** as it relates to the Joint Pretrial Stipulation and **DENIED as MOOT** as it relates to the other items specified by Defendant.

3.      This case is **CLOSED**, and all pending motions not otherwise ruled on are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 19 day of April, 2012.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record
Keith D. Clark
Virginia A. Clark